# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAYNE SILVERSTRI,**

    **Plaintiff,**

**v.**                                                           **Case No:   6:14-cv-1354-Orl-31GJK**

**WALGREEN CO,**

    **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Remand (Doc. 7) filed by the Plaintiff, Jayne Silverstri ("Silverstri"), and the response in opposition (Doc. 12) filed by the Defendant, Walgreen Co. ("Walgreen").

Silverstri contends that her prescription for "phendrametrazine" was filled incorrectly with phentermine at a pharmacy owned and operated by the Defendant and that, before discovering the error, she consumed dangerously high amounts of phentermine. (Doc. 2. At 2). In her complaint, which was filed in state court on February 17, 2014, she alleges inter alia that she "suffered severe and permanent physical disabilities and illness including but not limited to severe gastro-intestinal damage" as a result of taking the phentermine. (Doc. 2 at 3). Walgreen, which was served on March 11, 2014, removed the case on August 22, 2014 on the grounds of diversity jurisdiction pursuant to 28 U.S.C. §1441.

It is undisputed that the parties are diverse. Silverstri argues that Walgreen knew from the outset that the amount in controversy here exceeded the $75,000 jurisdictional threshold of 28 U.S.C. §1332(a), because her attorney sent Walgreen a demand letter on January 30, 2013 in the amount of $200,000 which provided support for a settlement in that amount. (Doc. 1-2 at 27-29).

Among other things, the settlement letter laid out Silverstri's allegation that a Walgreen pharmacist had filled her prescription incorrectly and described in some detail the injuries she allegedly suffered as a result, including roughly $10,000 in past medical bills, permanent damage to her esophagus, and pain and suffering.  (Doc. 1-2 at 27-29).  Accordingly, Silverstri contends, Walgreen knew that diversity jurisdiction existed as soon as it was served with her complaint, and therefore it was obligated by 28 U.S.C. § 1446(b)(1) to remove within 30 days of being served – i.e., not later than April 10, 2014.

Walgreen disputes that it knew or should have known from the outset that the amount in controversy in this action exceeded $75,000.  Unlike the pre-suit letter, Silverstri's complaint did not include a demand for $200,000; rather, it stated only that it was an action for damages "that exceed $15,000".[1]  (Doc. 2 at 1).  And Walgreen contends that the letter did not include enough specific information to support a demand in excess of $75,000, because the only real details provided were as to the past medical bills, which did not exceed $10,000.  Walgreen argues that it was not until August 14, 2014, when the Plaintiff responded to its request for admissions (Doc. 1-2 at 39), that it had sufficient "specific proof" as to the amount in controversy so as to justify removal.  (Doc. 12 at 4).  The removal occurred within 30 days of Walgreen's receipt of the Plaintiff's admission.  Walgreen argues that this satisfies the requirements of 28 U.S.C. §1446(b)(3).[2]

---

[1] This is the jurisdictional threshold for suit in the Florida circuit courts.

[2] 28 U.S.C. § 1446(b)(3) provides, in pertinent part, that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Although Walgreen complains that a lack of "specific proof" precluded removal based on the demand letter alone, the requested admission does not provide any additional proof. Walgreen did not request an admission as to the amount of Silverstri's medical bills, or her expected future costs, or details as to the amount of pain and suffering she had experienced. Rather, Walgreen simply requested that Silverstri admit or deny that she was claiming total damages in excess of $75,000. (Doc. 1-2 at 39). Based on the demand letter, Walgreen knew before suit was filed that Silverstri was claiming damages in at least that amount. Further, Walgreen does not point to anything suggesting that Silverstri's position had changed between when the letter was sent and when the complaint was filed. Thus, if the record did not support removal initially, then it still did not support removal after the admission.

The Court finds that the allegations of the complaint, combined with the amount demanded and the details provided in the letter from Silverstri's attorney, made it more likely that not that the amount in controversy here exceeded $75,000. As such, diversity jurisdiction existed upon filing, and Walgreen was required to remove within 30 days of service. Because it did not do so, the case will be remanded.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Remand (Doc. 7) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit. The Clerk is directed to terminate all pending motions and close the file.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 29, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party